KENNARD AND YAEKO HOWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Howell v. Commissioner
Docket No. 4460-88
United States Tax Court
T.C. Memo 1989-362; 1989 Tax Ct. Memo LEXIS 361; 57 T.C.M. (CCH) 1047; T.C.M. (RIA) 89362; July 24, 1989
*361 David Kosterlitz, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of prosecution under Rule 123(b), [1] and to enter judgment in a reduced amount. Petitioners failed to appear at the time that their case was called for trial. Respondent determined a deficiency in petitioners' joint Federal income tax for 1985 in the amount of $ 3,856. When petitioners filed their petition, they resided in Japan. Petitioners have an APO mailing address at Yokota Air Base, Japan of PSC Box 6926, APO San Francisco, CA.
In their petition, petitioners alleged that the Commissioner erred in increasing petitioners' taxable income in the amount of $ 14,880 because this amount had already been included in income for 1985. The amount totalling $ 14,880 constituted retirement pay from military service with the U.S. Air Force. Respondent provided the Court with a copy of *362 his letter dated July 5, 1988, to petitioners, in which respondent acknowledged that "the tax deficiency of $ 3,856.00 for 1985 set forth in the statutory notice of deficiency, dated January 27, 1988, is incorrect." In this same letter to petitioners respondent stated that due to a mathematical error, petitioners underreported their taxable income by $ 880, and that the tax deficiency should be reduced to $ 176 for the 1985 year. Respondent enclosed stipulated decision documents to this effect. Petitioners did not respond to this letter. Pursuant to notice to the parties, this case was set for trial during the Court's February 21, 1989 trial session in Washington, D.C. The notice provided: The parties are hereby notified that the above-entitled case is set for trial at the Trial Session beginning on February 21, 1989. The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Early in February of 1989, respondent again sent a letter to petitioners. Respondent reiterated *363 the settlement offer and reminded petitioners that their case was set for trial on February 21, 1989 in Washington, D.C. Petitioners did not respond to this letter. Indeed, after the petition was filed, petitioners did not communicate at all with respondent. Cf. . Petitioners failed to appear at the time their case was called for trial. Consequently, respondent filed this motion to dismiss for lack of prosecution, and to enter judgment in the reduced amount of $ 176. Rule 123(b) provides: (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. * * * Dismissal of a case is a sanction resting in the discretion of the trial court. . It is well settled that a taxpayer's failure to appear at a trial can result in a dismissal of the action against him for failure to prosecute properly in actions where a taxpayer seeks the redetermination of *364 a deficiency. ; , affd. without opinion . Thus, respondent's motion to dismiss for lack of prosecution, and to enter judgment in a reduced amount is granted. Rule 123(b). Decision will be entered for the respondent in the reduced amount.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩